defense was that no place of payment having been specified in the contract payment and delivery were concurrent conditions and that it was the duty of the plaintiffs or their agents to have been personally present at Exmore, Va., on the dates of delivery and offered then and there the purchase price of the potatoes.

*Walter C. Newcomb* for appellant.

*Morey C. Bartholomew* for respondents.

Judgment in each case affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

FRED BUTTERFIELD & Co., INC., Appellant, *v.* ABRAHAM & STRAUS, INC., Respondent.

*Trade marks — word "Normandy" cannot be exclusively appropriated as common-law trade mark.*

*Butterfield & Co.* v. *Abraham & Straus,* 212 App. Div. 384, affirmed. (Argued October 31, 1925; decided November 24, 1925.)

APPEAL from a judgment, entered April 7, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. The action was to restrain the defendant from using the word "Normandy" as applied to voile fabrics and from selling fabrics as "Normandy voile" unless they were manufactured by the plaintiff. The trial court found for the plaintiff solely upon the ground that it had established a common-law trade mark in the word "Normandy" as applied to voiles. The Appellate Division held that by reason of its lack of inherent application to particular styles of goods exclusive in manufacture or description and because of its geographical nature, the word "Normandy" cannot be exclusively appropriated as a common-law trade mark.

*A. P. Bachman* and *Charles G. Hensley* for appellant.

*Leon Lauterstein, Edmond E. Wise* and *Avrom M. Jacobs* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE and ANDREWS, JJ. Not sitting: LEHMAN, J.

---

HENRY D. APPLETON et al., Respondents, *v.* THE NATIONAL PARK BANK OF NEW YORK, Appellant.

*Banks and banking — set-off — bank has no lien upon general deposit of customer for unmatured indebtedness — may not apply deposit of insolvent customer in payment of notes not due.*

*Appleton* v. *Nat. Park Bank of N. Y.*, 211 App. Div. 708, affirmed. (Argued October 21, 1925; decided November 24, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 13, 1925, affirming a judgment in favor of plaintiffs entered upon an order of Special Term granting a motion to strike out the answer and for summary judgment. The action was brought in aid of attachment under sections 922 and 943 of the Civil Practice Act by the assignee of judgment creditors of Middlesex Chemical Company, Inc., and the sheriff of the county of New York, jointly, to recover certain deposits standing to the credit of the Middlesex Chemical Company, Inc., with the defendant bank. The defense was a claimed right of set-off by reason of an unpaid and unmatured promissory note made to the defendant by the chemical company for money loaned.

*Emmett F. Smith* for appellant.

*Russel S. Coutant, William C. Cannon* and *Theodore Kiendl* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

36